UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stewart D. Roll, et al. | ) | CASE NO. 1:16 CV 2487 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Medical Mutual of Ohio, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiffs' Motion for Orders of Remand (Doc. 6). For the following reasons, the motion is DENIED.

### Facts

Plaintiffs Stewart and Bonnie Roll filed this Complaint in the Cuyahoga County Common Pleas Court against defendant Medical Mutual of Ohio. The Complaint alleges the following. Plaintiffs are insured by a policy of medical insurance issued by defendant. All other facts are set forth within the counts. Count One alleges that defendant refused Stewart Roll's request for production of documents relevant to defendant's denial of his request to

1

treat a pending surgery as occurring "in network." The failure to produce the documents has prevented plaintiffs from appealing the denial of their request to treat the surgery as in network. Plaintiffs seek injunctive relief requiring the production of the documents as well as damages. Count Two alleges that defendant's actions hinder competition and consumers' access to physicians and hospitals of their choosing in violation of Ohio and federal anti-trust laws, and the Ohio Consumer Sales Practices Act. Count Three alleges an Ohio statutory violation based on defendant's unfair or deceptive acts and practices in the issuance of the policy and representations made in the denial letter.  Count Four alleges that defendant refused to provide insurance coverage for a drug prescribed to Stewart Roll unless he acquired the drug from a designated pharmacy in Tennessee rather than his local hospital pharmacy.  This amounts to an "anti-trust tying violation."

Defendant removed the Complaint on the basis of federal question jurisdiction, namely, federal anti-trust laws and ERISA.  This matter is now before the Court upon plaintiffs' Motion for Orders of Remand.

**Standard of Review**

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c).

**Discussion**

Plaintiffs move to remand those portions of the Complaint that are based solely on state law as well as Count One which plaintiffs characterize as an ERISA claim subject to concurrent state and federal jurisdiction. For the following reasons, plaintiffs' arguments do not support remand.

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The violation of "federal anti-trust laws" asserted in Count Two is alone sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal. Consequently, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Thus, the Court has supplemental jurisdiction over the state law claims.

Furthermore, on the one hand, plaintiffs maintain that Count One arises under ERISA because plaintiffs seek to recover benefits due under the plan or to clarify rights to future benefits under the plan.  (Doc. 6 at 1, 3-4) Plaintiffs contend that because ERISA provides that state and federal courts have concurrent jurisdiction, the matter should be remanded to state court.  On the other hand, plaintiffs assert in their motion that Count One is an Ohio breach of contract claim.  (Doc. 6 at 2) Clearly, the Complaint falls under ERISA and is based on an alleged improper denial of benefits under the policy. Moreover, remand is not warranted because the Sixth Circuit recognizes that although state and federal courts have concurrent jurisdiction under ERISA, a defendant may still seek removal of the matter to

federal court. *Letourneau v. GMC,* 24 Fed.Appx. 332 (6th Cir. 2001). District courts have subsequently reached the same conclusion and reject the argument that concurrent jurisdiction prevents removal of ERISA claims. *Dillender v. Carpenter Pension Trust Fund of St. Louis,* 2014 WL 1289599 (M.D.Tenn. March 31, 2014) (citing *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 680 (6th Cir.2001)) ("The fact that there is concurrent jurisdiction does not preclude removal.")

Curiously, in their reply brief, plaintiffs assert that defendant has misrepresented the content of the Complaint which, plaintiffs state, does not mention ERISA or refer to that statute. Accordingly, plaintiffs contend, the Complaint "makes no ERISA claims" (Doc. 9 at 2) and must be remanded. However, notwithstanding the label of the claims, clearly the essence of the claims are for the recovery of ERISA plan benefits. *Peters v. Lincoln Electric Co.,* 285 F.3d 456 (6th Cir. 2002) ("It is not the label placed on a state law claim that determines whether it is preempted by ERISA, but whether in essence the claim is for the recovery of an ERISA plan benefit.") Additionally, as noted earlier, because the Complaint alleges a violation of federal anti-trust law, removal would have been proper on that basis alone.

For these reasons, there is no basis for remand.

**Conclusion**

For the foregoing reasons, plaintiffs' Motion for Orders of Remand is denied.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
Dated: 12/5/16              United States District Judge